# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. |
| v. ) ) | **COMPLAINT** |
| CITIZENS BANK, N.A., ) ) | **JURY TRIAL DEMANDED** |
| Defendant ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to William Lescault ("Lescault"). The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Citizens Bank, N.A. ("Citizens" or "Defendant") failed to provide Lescault with a reasonable accommodation, failed to engage in the interactive process, and subsequently caused Lescault's constructive discharge because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Rhode Island.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Citizens has continuously been a Delaware corporation doing business throughout the United States, including the State of Rhode Island, and employing at least fifteen (15) employees.

5. At all relevant times, Citizens has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

6. At all relevant times, Citizens has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Citizens is a national retail banking company headquartered in Providence, Rhode Island. It employs over 17,000 people.

## ADMINISTRATIVE PROCEDURES

8. More than 30 days prior to the institution of this lawsuit, Lescault filed a Charge of Discrimination with EEOC alleging violations of the ADA by Citizens.

9. On May 21, 2019, after an investigation, EEOC issued Citizens a Letter of Determination finding reasonable cause to believe that Citizens violated the ADA and inviting Citizens to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Citizens to provide Citizens the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Citizens a conciliation agreement acceptable to the Commission.

12. On June 10, 2019, the Commission issued Citizens a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Lescault began working for Citizens in approximately January 2010 as a Customer Service Specialist in Citizens' Cranston, Rhode Island call center. In approximately June 2015, Citizens promoted Lescault to a supervisor position in the call center, his most recent position with Citizens. In this position, Lescault was required to field escalated telephone calls from Citizens' customers.

15. Lescault developed anxiety, a condition that caused him chest pains and, in its untreated form, substantially limited the major life activities of concentrating, communicating, and interacting with others.

16. In or around February 2018, Lescault took an unpaid medical leave of absence from work at Citizens to address his anxiety through the assistance of medical professionals. Lescault's health care provider concluded that fielding customer phone calls was aggravating

Lescault's anxiety and instructed him to seek reassignment to a position that did not require him to perform this task.

17. While out on leave, Lescault contacted Citizens and requested a reasonable accommodation. Specifically, Lescault asked Citizens to reassign him to a position that did not require him to regularly speak to customers on the phone.

18. In March 2018, Lescault's health care provider submitted paperwork to Citizens confirming that Lescault suffered from anxiety, explaining that answering customer phone calls exacerbated Lescault's anxiety, requesting that Lescault be reassigned to another position without that task, and indicating that Lescault should not return to work until such an accommodation was put in place.

19. In approximately April 2018, Lescault again spoke to a representative from Citizens and requested reassignment to another position that did not require him to regularly field customer phone calls.

20. On or about April 20, 2018, Citizens sent Lescault a letter informing him that it was "unable to reasonably accommodate" his requested accommodation. Citizens stated that it "would be happy to review other, more reasonable accommodations upon your release to return to work," but it did not offer any suggestions or alternatives. Citizens indicated that it would not continue to discuss possible accommodations with Lescault unless and until he was released to return to work in his position as a call center supervisor.

21. Unable to return to his position in the call center due to his disability, and having received no proposals from Citizens for accommodations that would permit him to continue working for the company, Lescault was forced to resign his position on April 23, 2018.

22.     During the period from March 23, 2018 through April 23, 2018, there were multiple vacant positions at Citizens within a 45-mile radius of the Cranston, Rhode Island call center for which Lescault was qualified and for which fielding customer phone calls was not an essential function.

23.     Citizens failed to offer Lescault reassignment to any of these vacant positions for which he was qualified.

24.     Had Citizens offered Lescault any of these positions, he would have accepted and returned to work.

25.     By failing to offer Lecault reassignment to a vacant position for which he was qualified, Citizens violated its obligation under the ADA to reassign Lescault to a vacant position as a reasonable accommodation to his disability.

26.     By failing to propose a single alternative accommodation to Lescault, Citizens violated its obligation under the ADA to engage in the interactive process.

27.     By refusing to discuss possible accommodations with Lescault, unless and until he returned to a position, without a reasonable accommodation, that exacerbated the symptoms of his disability, Citizens caused Lescault's termination, in violation of the ADA.

28.     The unlawful employment practices complained of above were intentional.

29.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Lescault's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability

discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

  B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make Lescault whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement or reinstatement of Lescault, if appropriate.

  D. Order Defendant to make Lescault whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make Lescault whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Lescault punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper to the public interest.

  H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMANDED</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 2, 2019

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M Street, N.E.
        Washington D.C. 20507


        JEFFREY BURSTEIN
        Regional Attorney


        /s/Sara Smolik
        Sara Smolik
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Boston Area Office
        John F. Kennedy Federal Building, Room 475
        Boston, MA 02203-0506
        (617) 565-3207
        sara.smolik@eeoc.gov