## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS BANK, N.A.,<br><br>Defendant. | C.A. No. 1:19-cv-00362-WES-PAS |

## <u>CONSENT DECREE</u>

Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Citizens Bank, N.A. ("Citizens"), engaged in unlawful employment practices in violation of the Americans with Disabilities Act of 2008 ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Specifically, the EEOC alleges that Citizens violated the ADA by failing to provide a reasonable accommodation to Charging Party William Lescault, failing to engage in the interactive process, and constructively discharging his employment because of his disability. In addition, the EEOC alleges that Citizens, in violation of the ADA: (1) failed to consider reassigning Lescault to a different position within Citizens as a reasonable accommodation; and (2) failed to search beyond Lescault's business unit in seeking a position for which the employee with a disability could be reassigned as a reasonable accommodation.

Citizens does not admit liability for the actions described in the EEOC's lawsuit nor does it agree with many of the factual and legal assertions contained in the lawsuit.

The parties desire to settle this action amicably and to stipulate to the entry of this Decree as final and binding between them and Citizens, as defined below.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

**PART I:       GENERAL PROVISIONS**

**Section 101:   Purpose of this Decree**

1.       This Decree resolves all matters related to Civil Action No. 1:19-cv-00362-WES-PAS. This Decree also resolves the issues raised in EEOC Charge Number 523-2018-01084, which served as the jurisdictional prerequisite in this case. This Decree does not resolve any other charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future, other than Charge Number 523-2018-01084. The EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges and claims, including but not limited to, the investigation and litigation of any pending or future charges or claims against Citizens. Nothing in this Decree will be construed to limit or reduce Citizens' obligation to comply fully with the ADA or any other federal employment statute.

2.       The terms of this Decree represent the full and complete agreement of the parties and does not convey any third-party beneficiary rights including but not limited to, the right to enforce any term of this Decree. Nothing in this decree shall confer individual liability upon any individual employed by Citizens for breach of this Decree.

3.       The EEOC and Citizens agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of this Court to enforce this Decree and its terms.

4.      This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint.  Nothing contained in this Decree will be construed as an admission of liability on the part of Citizens.

5.      The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of the parties and the public interest are adequately protected by this Decree.

**Section 102:  Definitions**

6.      "Defendant" or "Citizens" means Defendant Citizens Bank, N.A., its officers, managers, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge, consolidate, or otherwise become affiliated with it.

7.      "Day" or "days" means calendar days and includes weekends or holidays, unless otherwise specified.

8.      "EEOC" means Plaintiff the United States Equal Employment Opportunity Commission.

9.      "Effective Date" means the date the clerk of court dockets this Decree after it is signed and/or receives approval from the Court.

10.     "Internal Monitor" means the employee or agent engaged or appointed to oversee Citizens' compliance with the provisions of this Decree, as discussed in Section 203, below.

**Section 103:  Applicability of Decree to Successors and Assigns or Upon Purchase, Merger, or Consolidation**

11.     The provisions of this Decree applicable to "Citizens" will include all Citizens' officers, managers, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation or other entity into which Citizens may merge, consolidate, or otherwise become affiliated with.

12.     Before Citizens engages in any transfer of its business or its assets, it will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, subsidiaries, or affiliates, including any entity with which Citizens may merge or consolidate.

**Section 104:  Amendments to this Decree**

13.     This Decree may be amended in writing by both parties in the interests of justice and fairness, and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, signed by both parties, and approved or ordered by the Court.

**Section 105:  Severability**

14.     If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties:  the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106:  Breach of Decree**

15.     Citizens will not contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement action upon breach of any term of this Decree in this Court.

16.     If the EEOC contends that Citizens has failed to comply with any provision(s) of this Decree, the EEOC will notify Citizens of the alleged non-compliance and Citizens must make

a good-faith attempt to cure any breach of this Decree within ten (10) business days of notification. During the ten (10) business days' cure period, the parties will meet and confer if requested by either Citizens or the EEOC.

17.    Following the ten (10) business days' cure period, if the EEOC still contends that Citizens has failed to comply with the provision(s) of this Decree identified, the EEOC may seek Court intervention.

18.    In any proceeding, the parties will follow the Local Rules of the District of Rhode Island and the Individual Rules of any assigned district judge.

19.    Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Citizens fails to perform any of the promises or representations herein.

20.    The Court will construe this Decree under applicable federal law.

21.    For all documents requiring the EEOC's review and approval under this Decree, the EEOC will provide a written response no later than ten (10) days from Citizens' provision of the document to the EEOC. If the EEOC does not respond within ten (10) days, the immediately subsequent deadline that is dependent on the EEOC's approval will be extended by an additional day for each day that the EEOC does not respond.

**Section 107:  Notices**

22.    Within seven (7) days of the Effective Date of this Decree, Citizens will post the Notice of the Consent Decree ("Notice"), attached hereto as Exhibit A, on Citizens' company intranet available to all Citizens employees and such posting will remain for the duration of this Decree.

23.     Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed or mailed to the following persons (or their designated successors):

For EEOC:          Consent Decree Monitor
                   EEOC Legal Unit
                   33 Whitehall Street, 5th Floor
                   New York, NY 10004
                   Decreemonitor.nydo@eeoc.gov

                   and

                   Cara B. Chomski
                   Trial Attorney
                   U.S. EQUAL EMPLOYMENT OPPORTUNITY
                   COMMISSION
                   New York District Office
                   33 Whitehall Street, 5th Floor
                   New York, NY 10004-2112
                   cara.chomski@eeoc.gov

For Citizens:

                   Geoffrey W. Millsom (#6483)
                   ADLER POLLOCK & SHEEHAN P.C.
                   One Citizens Plaza, 8th Floor
                   Providence, RI 02903-1345
                   gmillsom@apslaw.com

                   and

                   Joel S. Barras
                   SVP & Sr. Associate General Counsel
                   Citizens Bank, N.A.
                   602 W. Office Center Drive, Ste 100
                   Fort Washington, PA 19034
                   joel.barras@citizensbank.com

**PART II:     INJUNCTIVE RELIEF**

**Section 201:   Injunctions**

**A. General Injunctive Relief: Non-Discrimination**

24.     Citizens is hereby enjoined from discriminating against employees because of
their disabilities by: (1) failing to offer noncompetitive reassignment as among the available
reasonable accommodations for employees with disabilities where appropriate; or (2) placing
employees with disabilities for whom reassignment would otherwise be a reasonable
accommodation on unpaid leave in lieu of offering noncompetitive reassignment, unless the
employee's healthcare provider specifically identifies time off for treatment as a reasonable
accommodation that will allow the employee to return to work and perform the essential
functions of their position.

25.     Citizens, including its managers, officers, and any other person or entity acting on
its behalf, are hereby enjoined from retaliating in any way against employees if they request
noncompetitive reassignment as a reasonable accommodation for a disability.

**B. Specific Injunctive Relief**

26.     Citizens will offer noncompetitive reassignment as among the reasonable
accommodations available for employees with disabilities where appropriate.

27.     Citizens will revise its Request for Medical Information form in the manner
attached hereto in Exhibit B.

28.     If an employee with a disability identifies reassignment to a vacant position as a
reasonable accommodation, Citizens will not place the employee on unpaid leave in lieu of
noncompetitive reassignment unless: (1) the employee's healthcare provider has specifically
identified time off of less than sixty (60) days for treatment as a reasonable accommodation that

will likely allow the employee to return to their previous position; or (2) the employee has submitted a written request to remain on leave for a definite, specified time period longer than sixty (60) days to pursue such treatment. All requests by an employee to waive their right to noncompetitive reassignment within sixty (60) days as a potential reasonable accommodation will be submitted to the Internal Monitor for review.

### i. Process for Obtaining a Reassignment as a Reasonable Accommodation

29. If an employee with a disability's healthcare provider identifies reassignment as a reasonable accommodation that will allow the employee to return to work, Citizens' Talent Acquisition Department, in consultation with the employee with a disability, will search for and identify vacant positions for which the employee with a disability may be minimally qualified, with or without a reasonable accommodation, which do not constitute a promotion from the employee's current position. If the employee agrees to be reassigned to the identified position(s) as a reasonable accommodation and is minimally qualified for that position, the transfer will be noncompetitive. Citizens may elect to offer an employee with a disability leave in lieu of a reassignment as a reasonable accommodation if the employee with a disability's healthcare provider indicates on the form attached hereto as Exhibit B that the employee is expected to be able to return to work and perform the essential functions of their current position within 60 days.

30. If an employee with a disability is offered reassignment as a reasonable accommodation, Citizens will search for vacant positions for which the employee is minimally qualified for a minimum of 90 days, during which time Citizens may place the employee with a disability on leave until Citizens transfers the employee to a vacant position that the employee is minimally qualified to perform. Citizens shall make all reasonable efforts to identify vacant positions that the employee with a disability may be minimally qualified to perform as quickly as

possible.

31.     Citizens' search for a vacant position will include vacant positions posted within a 50-mile radius of the work location at which the employee in need of the accommodation last worked regardless of division, unless the employee specifically requests that the search be broadened to include other work locations, including fully remote positions. Citizens will have the no obligation to reimburse or otherwise pay for employee relocation or additional commuter expenses. Citizens will not limit its search for vacant positions to the employee's current department, division, or business unit, unless the employee and Citizens agree to so limit the search. Citizens may narrow the geographic scope of its search for vacant positions if the employee so requests.

32.     Employees with disabilities who have been offered reassignment as a reasonable accommodation may elect to independently search for and apply for vacant positions within Citizens as a reasonable accommodation in addition to the search performed by Citizens' Talent Acquisition Department on their behalf. The employee must provide notice of the search and any applications to Citizens Leave Program Office. If the employee with a disability elects to independently search for and apply to vacant positions while on leave, the employee will be given access to Citizens' internal job posting and application (i.e., "Citizens Careers") website and will not be identified as "on leave" for any potential manager or recruiter for the requested position. If the employee with a disability is minimally qualified for the identified position, the position does not constitute a promotion from the employee's current position, the wage or salary being offered is equal to or less than the employee's current wage or salary, and the employee's doctor has not identified leave for treatment as a reasonable accommodation that will likely allow the employee to return to work at their previous position within sixty (60) days, the transfer will be

noncompetitive.

33.    If more than one employee with a disability who has been offered reassignment as a reasonable accommodation is minimally qualified for a given position, then Citizens will offer that position to the most qualified of those employees with a disability.  Nothing in this paragraph alters Citizens' obligation to provide noncompetitive reassignment to the less-qualified individual with a disability.

### ii.    Citizens May Only Assess an Employee with a Disability's Minimum Qualifications

34.    After Citizens' Talent Acquisition Department or the employee with a disability identifies a vacant position to which the employee could be reassigned, Citizens will not require the employee with a disability to submit an application and/or interview with a prospective manager for a vacant position offered as a reasonable accommodation, unless such process is necessary to determine the employee's minimum qualifications for the role (the "Minimum Qualifications Assessment") or such application is otherwise required by law.  Citizens must complete the Minimum Qualifications Assessment, including its final determination, within fourteen (14) days of the employee agreeing to consider the identified position as a reasonable accommodation.

35.    Citizens' Talent Acquisition Department or Leave Program Office will advise the prospective manager assigned to conduct the Minimum Qualifications Assessment that: (1) the employee with a disability has been offered noncompetitive reassignment as a reasonable accommodation; (2) the Minimum Qualifications Assessment is being conducted to ascertain whether the employee with a disability is minimally qualified to perform the essential functions of the position; (3) the employee with a disability is not required to compete against other candidates to obtain the position unless multiple employees with disabilities who have been offered

reassignment as a reasonable accommodation seek reassignment to the same position, in which case Citizens will offer a different position as a reasonable accommodation to the less-qualified employee; (4) the employee with a disability may only be rejected as a candidate for the identified position if the employee is not minimally qualified to perform the essential functions of the position; and (5) the prospective manager may not weigh the employee with a disability's subjective qualifications against other candidates in determining whether to accept the employee with a disability for the position.

36.     Citizens will not require employees with disabilities who elect to independently search for and apply to vacant positions while on leave to compete against other candidates if the employee identifies a vacant position for which they are minimally qualified and provides notice to the Leave Program Office.  Citizens may require the employee with a disability to undergo a Minimum Qualifications Assessment for positions that the employee identifies through an independent search.  Citizens must complete the Minimum Qualifications Assessment, including a final determination, within fourteen (14) days of the employee identifying the vacant position to which they could be reassigned as a reasonable accommodation.

### iii.     Citizens Will Not Compel Employees with Disabilities to Accept Lesser Pay Unless No Equivalent Vacant or Soon-To-Be Vacant Position Exists

37.     Citizens will not require an employee with a disability to accept a reduction in compensation to receive reassignment unless Citizens has first determined that there is no vacant or soon-to-be-vacant position equivalent to the employee's current position in pay and status. If there is no equivalent vacant or soon-to-be-vacant position, Citizens will offer the employee the vacant position for which the employee is qualified that comes closest to the employee's current position in pay and status. For this paragraph, the compensation level of any vacant position will be the amount of budgeted compensation that is available for the position at the time it is vacant

as determined by the department or business unit, rather than the maximum compensation under the salary bands applicable to that job title. Nothing in this paragraph will prevent an otherwise qualified employee entitled to reassignment as an accommodation under the ADA from accepting lower compensation to work at a desired vacant position.

### iv.    Employees May Appeal Adverse Accommodation Determinations

38.    Citizens will establish a process for employees with disabilities to appeal Citizens' rejection of their requests for noncompetitive reassignment as a reasonable accommodation at any point in the reasonable accommodation process. Specifically, before rejecting an employee's request for accommodation, Citizens will inform the employee in writing, including by electronic mail, of the basis for its decision, including the specific reasons for determining that an accommodation is an undue hardship or other reason cited for denying the requested accommodation, and provide notice to the employee of the employee's right to appeal the decision to the internal monitor at any point in the reasonable accommodation process.

39.    If Citizens denies the employee with a disability's request for reassignment as a reasonable accommodation, the employee may appeal the denial to Citizens' Internal Monitor. *See* Section 203, below.

40.    If the Talent Acquisition Department is unable to identify any vacant position for which the employee with a disability is minimally qualified and the employee objects, the Talent Acquisition Department will submit a written statement to the Internal Monitor for their review outlining the search conducted and conclusions reached.

41.    If the prospective manager determines that an employee with a disability is not minimally qualified to perform the essential functions of a position identified as a reasonable accommodation, the prospective manager will submit a written statement to the Internal Monitor

for their review explaining the essential functions of the position and why the prospective manager concluded that the employee with a disability was not minimally qualified to perform them.

42.     The above policy will take effect immediately upon the Effective Date of this Decree, and will apply to all Citizens employees, including those employees with disabilities currently on a leave of absence as a reasonable accommodation for a disability.

**Section 202:   Non-Discrimination Policy**

**A.  Content of Non-Discrimination Policies**

43.     Citizens will revise its Reasonable Accommodation Policy to include language communicating to employees in need of a reasonable accommodation their rights to a non-competitive reassignment as among the available reasonable accommodations where appropriate. The revised Reasonable Accommodation Policy must include the following:

   a.  A statement indicating that it is Citizens' and the employee's legal obligation under the ADA to undertake the interactive process once Citizens is on notice that an employee requires a reasonable accommodation for their disability;

   b.  A clear explanation of all of the ways an employee may request a reasonable accommodation;

   c.  A statement that employees with disabilities may be entitled to noncompetitive reassignment as a reasonable accommodation;

   d.  A statement that employees with disabilities may be entitled to reassignment outside of their departments at Citizens as a reasonable accommodation;

   e.  A statement that, if an employee with a disability is offered reassignment as a reasonable accommodation, Citizens' Talent Acquisition Department will search for and identify vacant positions that the employee is minimally qualified to perform.  The statement will provide that Citizens may deny reassignment and offer leave if there is no available alternative position for which the employee with a disability qualifies;

   f.  A statement that employees who may be minimally qualified for reassignment as a reasonable accommodation may appeal an adverse decision on their request for reassignment to the Internal Monitor at any point in the reasonable accommodation process;

g.  A statement that employees will not be subjected to any type of retaliation for requesting, requiring, or being provided a reasonable accommodation;

h.  A requirement of maximum feasible confidentiality by Citizens of all information regarding an employee's or applicant's request for an accommodation for a disability; and

44.    Citizens will not modify its revised Reasonable Accommodation Policy or documentation required in support of a reasonable accommodation request, as they apply to noncompetitive reassignment, without the EEOC's approval.

**B.  Issuance of Revised Reasonable Accommodation Policy**

45.    Within fourteen (14) days of the Effective Date of this Decree, Citizens will post a copy of the revised Reasonable Accommodation Policy outlined in Section 202(A), above on its internal website available to all employees where all Citizens employment policies are housed.

46.    Upon posting a copy of the revised Reasonable Accommodation Policy to the intranet page where Citizens' employment policies are housed, Citizens will transmit an email to all employees communicating that Citizens has revised its Reasonable Accommodation Policy and containing a link to the revised policy.

47.    In addition to distributing the revised Reasonable Accommodation Policy by email, Citizens will concurrently draft a written accommodation process specifically for Job Reassignment that conforms to the revised Reasonable Accommodation Process, and will distribute the written accommodation process for Job Reassignment to all employees of Citizens' Leave Program Office and post it to the Leave Program Office internal share drive. Citizens will provide EEOC with a copy of this written accommodation process for review and approval within 30 days of the Effective Date of this Consent Decree,

14

48.     A link to Citizens' internal website available to all employees where all Citizens employment policies are housed will be distributed to all new employees as part of their onboarding.

49.     Citizens will make its written Reasonable Accommodations Policy available in alternative formats, as necessary, for employees with cognitive and print disabilities that may prevent them from reading the policies, or upon an employee's request.

**Section 203:   Internal Decree Monitor**

**A.  Internal Decree Monitor**

50.     **Appointment of Monitor:** Within thirty (30) days of the Effective Date of this Decree, Citizens will retain or appoint a Citizens employee to oversee Citizens' compliance with the provisions of this Decree and with the ADA generally ("Internal Monitor").

51.     Citizens will ensure that the Internal Monitor receives all training and assistance necessary to carry out their duties in a proficient manner.  The EEOC will be free to meet and confer with the Internal Monitor.

52.     **Compensation of Internal Monitor:** Citizens will compensate the Internal Monitor and will reimburse the Internal Monitor's expenses, and Citizens will pay all costs necessary to fulfill the work of the Internal Monitor.

53.     **Cooperation:** Citizens agrees to fully cooperate with the Internal Monitor.

54.     **Access to Region, Premises, Employees, and Information:** The Internal Monitor will have access to all relevant documents, premises, employees, and other sources of information necessary to exercise their duties and responsibilities under this Decree. The Internal Monitor and the EEOC will have access to review all records maintained by Citizens relating to the implementation or administration of this Decree, including all records relating to requests for

accommodation, requests for transfer or reassignment for medical or disability-related reasons, records of termination because of disability or need for reasonable accommodation, and records related to complaints of disability discrimination. Notwithstanding the foregoing, Citizens shall not be required to provide the EEOC with access to records that are protected by the attorney-client privilege or work product doctrine. If the EEOC so requests, Citizens will provide a detailed privilege log describing each document withheld on grounds of privilege to the EEOC within 14 days. EEOC may then ask the Court to compel Citizens to produce the assertedly privileged documents.

55.    **Replacement of Internal Monitor:** In the event the Internal Monitor is unable or unwilling to continue to serve, Citizens will select a new Internal Monitor subject to the EEOC's approval, which shall not be unreasonably withheld.

56.    **Resolving Disputes Over Replacement Internal Monitor Appointment:** If the EEOC and Citizens cannot agree on an Internal Monitor within thirty (30) days following the need to replace the Internal Monitor, Citizens will provide the EEOC with a list of at least three qualified internal candidates from which list the EEOC will select the Internal Monitor.

57.    **Internal Monitor's Responsibilities:** The Internal Monitor will have the following responsibilities:

a.  In consultation with Citizens, the Internal Monitor will implement the revised Reasonable Accommodation Policy;

b.  The Internal Monitor will conduct the Decree Orientation Meeting;

c.  The Internal Monitor will review and ensure the timely implementation of Citizens' ADA training provided in this Decree;

d.  The Internal Monitor will review and evaluate all written statements submitted by:

i.   The Talent Acquisition Department explaining why it concluded that there were no vacant positions for which the employee with a disability was minimally qualified; and

ii.  Any prospective manager explaining why they concluded that the employee

16

with disability was not minimally qualified to perform the essential functions of a position identified as a potential reasonable accommodation.

If the Internal Monitor determines that either assessment was procedurally or substantively flawed, the Internal Monitor may override the determination;

e. The Internal Monitor will ensure that Citizens' Talent Acquisition Department or Leave Program Office advises the prospective manager conducting the Minimum Qualifications Assessment consistent with this Decree;

f. If an employee appeals Citizens' rejection of their request for noncompetitive transfer as a reasonable accommodation, the Internal Monitor will review and evaluate the employee's appeal and have full access to all of Citizens' records relating to the accommodation;

g. If an employee or their healthcare provider requests a reassignment to a different position as one of several potential reasonable accommodations (e.g., a leave of absence to pursue treatment), the Internal Monitor will ensure that the employee's accommodation request is accurately recorded as a request, among others, for reassignment as an accommodation in Citizens' Human Resources case reports and database systems;

h. The Internal Monitor will receive all employee reasonable accommodation requests to remain on leave for a time period longer than sixty (60) days to pursue treatment that will likely allow the employee to return to their previous position, and will ensure that all employee requests to waive their right to noncompetitive reassignment within sixty (60) days as a potential reasonable accommodation were made voluntarily and without coercion by Citizens.

i. If Citizens denies an employee with a disability's request for reassignment as a reasonable accommodation because Citizens contends that the employee's healthcare provider requested reassignment as one of multiple potential accommodations, the Internal Monitor will review the request to confirm that accommodations other than reassignment were requested;

j. The Internal Monitor will ensure Citizens' compliance with the reporting requirements provided for in this Decree, including ensuring that Citizens accurately reports all individuals who requested reassignment as a reasonable accommodation; and

k. The Internal Monitor will consult with Citizens as necessary to provide advice about ways to better achieve full compliance with this Decree and the ADA.

**B. Decree Orientation Meeting**

58.      Within fourteen (14) days of the Effective Date of this Decree, the Internal Monitor will conduct a Decree Orientation Meeting with all applicable individuals working within Citizens' Leave Program Office, First Line Risk Director for Human Resources, Talent

17

Acquisition colleagues who are responsible for searching for open positions as a reasonable accommodation, HR Policy & Programs Manager, and any Citizens employees with involvement in the reasonable accommodation process or having any role in complying with this Decree.

59.    During the Decree Orientation Meeting, the Internal Monitor will thoroughly detail all provisions of this Decree and will discuss and explain all changes in policy and procedures affected by this Decree.

60.    Prior to commencing the Decree Orientation Meeting, the Internal Monitor will provide the EEOC with the meeting's date, time, and location. Once the Decree Orientation Meeting has concluded, the Internal Monitor will certify to the EEOC that the Internal Monitor has completed the Decree Orientation Meeting, below.

**Section 204:  Training**

61.    Within sixty (60) days of the Effective Date of this Decree and annually thereafter, Citizens will provide training programs for its Leave Program Office, Human Resources Service Center, Employee Relations Department, and employees with the Talent Acquisition/Recruiting Department responsible for identifying available positions for employees with disabilities who have been offered reassignment as a reasonable accommodation (the "HR Training").  Citizens will provide EEOC with its training materials for review and approval within 30 days of the Effective Date of this Decree.

62.    Each training program will include the following: (1) a detailed agenda with training materials; and (2) a plan to ensure that all employees receive the required training. Citizens to provide EEOC with the identity of proposed trainer and all training materials for review within 30 days of the Effective Date of this Decree.

63.    At least fourteen (14) days prior to the HR Training, Citizens will provide the

EEOC notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

64.    Within ninety (90) days of the Effective Date of this Consent Decree, Citizens will revise its training materials for employees not subject to the training described in Paragraph 61 to reference reassignment without competition as an available reasonable accommodation. Citizens will provide EEOC with these training materials for review and approval within 60 days of the Effective Date of this Decree.

**Section 205:   Monitoring and Reporting**

**A. Monitoring by the EEOC**

65.    The EEOC may monitor Citizens' compliance with this Decree through the inspection of Citizens' records, and interviews with Citizens' officers, employees, and contractors at reasonable times. Citizens will make available for inspection and copying any records related to this Decree upon the EEOC's request.

**B. Certification Requirements**

66.    Within twenty-one (21) days of the Effective Date of this Decree, Citizens will certify to the EEOC that it has posted the revised Reasonable Accommodation Policy, transmitted an email to all employees communicating that Citizens revised its Reasonable Accommodation Policy, and made the revised Reasonable Accommodation Policy available on its website in compliance with this Decree. Within forty-five (45) days of the Effective Date of this Decree, Citizens will certify to the EEOC that it has drafted a written reasonable accommodation process specifically to Job Reassignment that conforms to the revised Reasonable Accommodation Process, distributed it to all employees of Citizens' Leave Program Office, and posted it to the

Leave Program Office internal share drive.

67.    Within fourteen (14) days of the Effective Date of this Decree, Citizens will certify to the EEOC that it has posted on its intranet the Notice of the Consent Decree and made it available on its website in compliance with the electronic distribution and posting requirements in this Decree.

68.    Within thirty (30) days of the Effective Date of this Decree, Citizens will certify to the EEOC that the Decree Orientation Meeting has been completed.

69.    Within sixty (60) days of the Effective Date of this Decree and annually thereafter, Citizens will certify to the EEOC that the HR Training requirement in Section 204 has been completed and will submit attendance sheets and attendees' positions at Citizens.

70.    Within ninety (90) days of the Effective Date of this Decree and annually thereafter, Citizens will certify to the EEOC that its existing training materials for employees not included within the scope of Paragraph 61 have been revised consistent with this Decree. Citizens to provide revised training materials for EEOC's review and approval within 60 days of the Effective Date of this Decree.

71.    Citizens will maintain such records as are reasonably necessary to demonstrate its compliance with this Decree, including but not limited to the records specifically identified in Paragraphs 74 – 75 below.

**C. Information Requests**

72.    The EEOC and the Internal Monitor will have the right to make reasonable requests for information from Citizens to determine Citizens' compliance with the Decree. Citizens will comply with a request for such information within fourteen (14) days of the request. The Internal Monitor will also have the ability to survey and/or interview Citizens' employees to determine

Citizens' compliance with this Decree.

**D. Reporting Requirements**

73.     Twelve (12) months after the Effective Date, and annually thereafter, with a final Report also due at the end of this decree, Citizens will submit a Report signed by the Internal Monitor under the penalties of perjury as set forth in 28 U.S.C. § 1746. The Report will certify compliance with this Decree and contain:

    **a. Requests for Disability Accommodations**: All requests for transfers as an accommodation during the twelve-month reporting period, whether made verbally or in writing. Citizens' report will specify employee name, address, telephone number, position, requested accommodation, date of request, whether the accommodation was granted, the reason if an accommodation is not granted, the date granted or denied, documentation of meetings and communications regarding accommodations, and a reasonably detailed summary of the interactive process.

    **b. Complaints of Disability Discrimination**: A list of all complaints regarding disability discrimination at Citizens during the twelve-month reporting period from an employee who requested transfer as a reasonable accommodation. "Complaint" is defined as any complaints from an employee who requested transfer as a reasonable accommodation filed with the relevant state or municipal agency concerning disability discrimination not dually filed with the EEOC, received by Citizens' managers, either verbally or in writing, or submitted to Citizens' Human Resources Department, and any correspondence received from counsel for employees or former employees who requested transfer as a reasonable accommodation concerning disability discrimination. Citizens will provide the name of the individual, the nature of the alleged discrimination, the date of the alleged discrimination, and whether the claim was resolved or investigation ongoing and, if resolved, the nature of the resolution. The nature of the resolution will indicate whether the employee was accommodated, whether a confidential settlement agreement was reached (but not the amount of the settlement agreement), whether a judgment was rendered through arbitration or litigation, or whether a no probable cause finding was issued. If no results have been reached as of the time of the report, Citizens will include the results in the next report.

    **c. Case Reports:** Provide Citizens' complete Human Resources case file(s) for all requests for reassignment as a reasonable accommodation for a disability during the twelve-month reporting period, including all documentation submitted by the employee's healthcare provider(s). If not clear from the file, please provide a short statement summarizing the outcome of the employee's request for reassignment as a reasonable accommodation, including but not limited to whether the employee was placed on leave instead of granting the requested reassignment.

**d. Reassignment as a Reasonable Accommodation**: A list, in the form of an Excel file, of every employee who requested reassignment as a reasonable accommodation for a disability during the twelve-month reporting period or for whom Citizens identified reassignment as a reasonable accommodation pursuant to the interactive process during such reporting period, including, for each employee:

1. Full name;
2. Address;
3. Telephone number;
4. Personal email address, if known;
5. The date that the employee requested a reasonable accommodation;
6. The case number assigned to the employee's reasonable accommodation request;
7. The Citizens employee assigned to manage the employee's reasonable accommodation case;
8. The employee's position before requesting reassignment as a reasonable accommodation;
9. The employee's compensation before requesting reassignment as a reasonable accommodation;
10. Whether Citizens granted the employee's request for reassignment as a reasonable accommodation;
11. The alternative accommodation provided by Citizens, if any;
12. Vacant positions identified by Citizens;
13. Vacant positions identified by the employee;
14. Whether or not the employee transferred to a vacant position within Citizens;
15. The date the employee transferred to a vacant position;
16. The vacant position to which the employee transferred; and
17. The employee's compensation at the new position.

If the employee was placed on a leave of absence of any kind (paid or unpaid) in lieu of granting the employee's request for a reassignment, please include:

18. The start and end dates of the employee's leave of absence;
19. The type of leave provided to the employee (e.g., unpaid leave, short-term disability, paid leave, etc.);
20. Whether the employee's leave of absence was extended, and the dates of each extension;
21. Whether the employee received paid leave, and, if so, the percentage of the employee's compensation paid to the employee during their leave of absence;
22. The date the employee returned to their previous position;
23. The date that the employee's employment at Citizens terminated, if applicable; and
24. Whether the employee resigned or whether Citizens terminated their employment.

e. **Identification of Vacant Positions and Minimum Qualifications Assessment:** Provide all statements submitted to the Internal Monitor during the twelve-month reporting period explaining Citizens' Talent Acquisition Department's failure to identify any vacant position or the prospective manager's determination that an employee with a disability was not minimally qualified to perform the essential functions of a position identified a reasonable accommodation. If the Internal Monitor took any action following receipt of any written explanation, please include a short summary of the Internal Monitor's response and the outcome of that response.

f. **Employee Requests to Waive Their Right to Noncompetitive Reassignment Within Sixty (60) Days.** Provide all documents related to the Internal Monitor's review, during the twelve-month reporting period, of any employee's request to remain on leave for a time period longer than sixty (60) days to pursue treatment that will likely allow the employee to return to their previous position, including, if applicable, the Internal Monitor's determination that the employee's request to waive their right to noncompetitive reassignment within sixty (60) days as a potential reasonable accommodation was made voluntarily and without coercion by Citizens. Please include the employee's underlying written request.

g. Appeals to the Internal Monitor: Provide all documents related to the Internal Monitor's assessment, during the twelve-month reporting period, of any employee's appeal of Citizens' rejection of their request for noncompetitive transfer as a reasonable accommodation for a disability. Please include the employee's underlying complaint.

## E. Record-keeping Requirements and Preservation of Data

74.    Citizens agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

75.    Citizens will retain all documents related to any requests for reassignment as a reasonable accommodation and any documents generated or collected in connection with any complaint or appeal related to an employee's request for reassignment as a reasonable accommodation, any investigation into any such complaint, and any resolution of such complaint. Citizens will refrain from purging any electronic records relating to any request for reassignment as a reasonable accommodation, appeal related to an employee's request for reassignment as a reasonable accommodation, or complaint of disability discrimination related to or resulting from

23

an employee's request for reassignment as a reasonable accommodation, including records maintained in its Answer Key, Taleo, My Colleague Information, Tableau Dashboards, MYCA, Talent Community, or any other electronic database containing information relating to complaints of disability discrimination or the reasonable accommodation process for any employee at Citizens.

## PART III: MONETARY RELIEF

### Section 301: Monetary Payment to Charging Party

76.     Within twenty-one (21) days of the Effective Date of this Decree, Citizens will pay the total sum of $100,000 with appropriate withholdings, to William Lescault in the amounts as follows: $30,000 for alleged lost wages and benefits and $70,000 for compensatory damages.

77.     Citizens will issue a Form W-2 for the wage payments and a Form 1099 for the payment for compensatory damages. Citizens will send checks for the above amounts to William Lescault via certified mail, Federal Express, or UPS, to an address provided by the EEOC, provided Lescault provides a valid, completed Form W-9. A copy of the checks will be provided to the EEOC immediately upon issuance.

### Section 302: The EEOC's Reporting Requirements under IRC Sections 162(f) and 6050X

78.     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Citizens with a copy of the 1098-F form that it will provide to the IRS.

79.     Citizens' EIN is: 20-2635739.

80.     The individual to whom the EEOC should mail a copy of the form 1098-F, if the

EEOC is required to issue one, is:

> Joel S. Barras
> SVP & Sr. Associate General Counsel
> Citizens Bank, N.A.
> 602 W. Office Center Drive, Ste 100
> Fort Washington, PA 19034

81.    The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

**PART IV:    COSTS**

82.    Each party to this Decree will bear its own attorneys' fees and costs associated with this litigation.

**PART V:    DURATION OF DECREE**

83.    This Decree will remain be in effect for a period of 30 months from the Effective Date of this Decree.  This Decree will not expire against any signatory while any enforcement action is pending against that signatory.

84.    The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

**PART VI:    RELEASE FROM LESCAULT**

85.    Contemporaneous with the execution of this Decree, EEOC will deliver to Citizens a fully executed release from William Lescault, that will state "In consideration of the settlement funds paid to me in connection with the Consent Decree in U.S. *Equal Employment Opportunity Commission v. Citizens Bank, N.A.*, Case No. 1:19-cv-00362 (D.R.I.), I waive my right to recover for any claims of discrimination based on disability arising under the Americans with Disabilities Act of 1990, as amended, that I had against Citizens Bank N.A. prior to the date of this release and that arise out of the facts alleged in EEOC's complaint in U.S. *Equal Employment Opportunity Commission v. Citizens Bank, N.A.*

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Jeffrey Burstein*

JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5334
nora.curtin@eeoc.gov

CARA B. CHOMSKI
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5275
cara.chomski@eeoc.gov

**FOR CITIZENS BANK, N.A.**

Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
gmillsom@apslaw.com

**SO ORDERED, ADJUDGED, AND DECREED**


_____
William E. Smith
United States District Court Judge

Dated:

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5270
FAX (212) 336-3625
Website: www.eeoc.gov

## NOTICE OF LAWSUIT AND RESOLUTION

This notice to all employees of Citizens Bank, N.A. is being posted and provided pursuant to a Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Citizens Bank, N.A. ("Citizens") in federal court in Rhode Island. In this lawsuit, EEOC alleged that Citizens violated the Americans with Disabilities Act ("ADA") because it failed to reasonably accommodate a disabled employee by refusing to reassign him to a different position that he was qualified to perform.

Specifically, the EEOC alleged that Citizens failed to reasonably accommodate a supervisor in a Rhode Island call center who took an unpaid leave of absence to treat a psychiatric condition. While on leave, the employee requested that Citizens reasonably accommodate his disability by reassigning him to a position that did not require him to regularly interact with dissatisfied customers over the phone. Citizens informed the employee that it was unable to reassign him to an alternative position and informed the employee that it would not discuss other potential accommodations until he was released to work at the position that he was medically unable to perform. Without an accommodation, the employee was forced to resign.

Citizens does not agree with many of the factual allegations within the EEOC's lawsuit, does not believe it violated the law, and does not admit liability for the actions described in the EEOC's lawsuit and maintains that it has entered the Consent Decree for business purposes.

Among other terms, the Consent Decree requires that:

1. Citizens will offer noncompetitive reassignment as a reasonable accommodation for employees with disabilities;

2. Citizens will assign members of its Talent Acquisition Department to search for and identify vacant positions at Citizens that an employee with a disability is qualified to perform, and will not limit its search for vacant positions to the employee's current department, division, or business unit; and

3. If an employee with disability requests reassignment as a reasonable accommodation, Citizens will not place that employee on unpaid leave instead of reassigning them unless the employee's healthcare provider: (1) specifically requests time off for treatment; and (2) states that time off for treatment will allow the employee to return to their previous position.

The EEOC will monitor Citizens' compliance with the Consent Decree for a term of four (4) years.

Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, race, national origin, color, religion, age, genetic information, or disability. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

If you have any complaints or questions regarding employment discrimination, contact the EEOC at:

> Equal Employment Opportunity Commission
> (800) 669-4000
> Website: www.eeoc.gov

Dated: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for 30 months from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.

**EXHIBIT B**



**HR Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA**

February 28, 2023

Dear *Colleague First Name*

If you wish to request an accommodation(s) that will enable you to perform the essential functions of your position or you wish to request reassignment to a different position as an accommodation, please provide the attached letter and "Request for Medical Information" form to your healthcare provider. Please either return the completed "Request for Medical Information" form to us, or authorize your healthcare provider to provide the requested information directly to us, **by no later than *Due Back By Date*.**

Should you have any questions, please feel free to contact me directly at 401-260-2470.

Very truly yours,

Carol Hamilton
Case Manager
Leave Program Office



**HR Shared Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA**

February 28, 2023

To Whom It May Concern:

Your patient, *Colleague First & Last Name*, is employed by Citizens as a Full Time *Colleague's Role*. Your patient has requested an accommodation to enable them to perform the essential functions of their position [or has requested reassignment to another position **(if applicable)**] as an accommodation.

Pursuant to the Americans with Disabilities Act and analogous state and local laws, we are attempting to ascertain whether any reasonable accommodations exist that will enable our colleague to perform the essential functions of their position. We are also seeking to ascertain whether our colleague will be able to return to their current position after receiving medical care or treatment or, if not, would be able to perform the essential functions of another position within Citizens. To that end, we are enclosing a form for you to complete and request that you return it via confidential fax to **(855) 457-1555 on or before *Due Back By Date.***

Thank you for your anticipated attention to this matter.

Very truly yours,

Carol Hamilton
Case Manager
Leave Program Office

Request for Medical Information – *Colleague's Last Name, First Name and Employee ID #*



**HR Shared Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA**

**REQUEST FOR MEDICAL INFORMATION, Page 1[1]- *PLEASE TYPE or PRINT CLEARLY**

1.  Does the employee currently have a **physical or mental impairment** that substantially limits a major life activity (e.g., caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and/or working) and affects the employee's ability to perform the essential functions of their job?

    Yes _____  No _____ **(If yes, please answer <u>all</u> of the following questions in entirety. If no, please explain in the space below and then skip to signature page.)**

    _____

    _____

    _____

**2.**  Please describe the nature and severity of the physical or mental impairment that affects the employee's ability to perform the essential functions of their job, **as well as the expected duration of the impairment:**

    _____

    _____

    _____

3.  Please describe how this impairment affects the employee's ability to perform the essential functions of their job by identifying the essential function(s) affected and specify how the impairment affects performance in each instance:

    _____

    _____

    _____

    _____

Request for Medical Information – *Colleague's Last Name, First Name and Employee ID #*



**HR Shared Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA**

**REQUEST FOR MEDICAL INFORMATION, Page 2[2]- *PLEASE TYPE or PRINT CLEARLY**

4.    Is/are there any accommodation(s) that in your opinion will enable the employee to perform the essential functions of their position? If so, please describe in detail the requested accommodation(s) and note the estimated duration of the requested accommodation(s).

_____

_____

_____

5.    Please describe how the suggested accommodation(s) will enable the employee to perform the essential function(s) of their position.

_____

_____

_____

_____

Request for Medical Information – *Colleague's Last Name, First Name and Employee ID #*



HR Shared Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA

**REQUEST FOR MEDICAL INFORMATION, Page 3- *PLEASE TYPE or PRINT CLEARLY**

6.     Please provide the **expected start and end date** for the above accommodation(s) requested.

**PLEASE NOTE:** If the requested accommodation is for **intermittent time off**, please outline the expected frequency and duration, as well as the amount of time off being requested (e.g., 1-2 days off per month for up to 8 hours each day for incapacity for a period of 6 months and/or 1-2 days off per month to attend medical appointments for a period of 6 months).

7.     If the employee is not able to return to their current position, with or without accommodations at this time, would a **leave of absence** allow the employee to eventually return to their current position? If so, note the expected duration of the continuous leave of absence (including whether you expect the leave to last less than or more than **60 days**).

Request for Medical Information – *Colleague's Last Name, First Name and Employee ID #*



**HR Shared Services ♦ One Citizens Bank Way JCC110 ♦ Johnston, RI 02919 ♦ USA**

---

**Print** Doctor's Name and **Indicate** Degree and Specialty

**Print Address**

**Provide both phone and fax number** (where we can reach you, if necessary)

Doctor's Signature                           Date

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.